**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

HARRISON FRANKLIN,

    Petitioner,

    v().                                                 Case No. 09-CV-664

BYRAN BARTOW[1], Superintendent,
Wisconsin Resource Center,

    Respondent.

## **DECISION AND ORDER**

On July 7, 2009, petitioner Harrison Franklin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of first-degree recklessly endangering safety, armed robbery and bail jumping as a habitual offender. On July 14, 2005, he was sentenced to 50 years in prison and 16 years probation.

The petitioner challenges the judgment of his conviction on the following grounds: (1) "denial of lesser included offenses and attempted armed robbery"; (2) "Speedy trial violations regarding 60 day (Court Order); 70 days 'Speedy Trial Act'; 90 days (§ 971.10(2)(A)) speedy trial act (state)"; (3)"Refusal to promptly inquire into criminal charges as mandated"; (4) "Second trial violates due process when used to shore-up the record"; and (5) "Ineffective assistance of counsel". (Petition at 9).

---

[1]     The proper respondent in this action is Byran Bartow, Superintendent at the Wisconsin Resource Center where the petitioner is incarcerated. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. As a result, Superintendent Bartow has been substituted as the respondent in this action.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed September 3, 2009, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered the respondent to serve and file an answer, motion or other response to the petitioner for a writ of habeas corpus. On September 30, 2009, the respondent filed a motion to dismiss for failure to state a federal constitutional claim. The petitioner filed a brief in opposition to the respondent's motion to dismiss. In addition, he filed a motion for an order for the respondent to provide him certain documents and a motion for appointment of counsel.

The petitioner seeks an order requiring the respondent to provide him a copy of the transcripts from a hearing held before United States District Court Judge William C. Griesbach for "case # 02-C-278 that was held between dates of 2-24-05 and 4-24-05, mandating [the petitioner's] placement in the Kenosha County jail and release from D.O.C. custody." (Subpoena Duces Tecum at 1). The petitioner also seeks "[a]ll ICI's, request slips, rejected complaints, answers from the Admin of D.O.C. and Boscobel, letters to Warden Berge and/or his staff about Inmate Complaint # WSPF-2005-6742 and any other documentation, memos, paperwork pertaining to the issues contained in said complaint." Id.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Granting discovery is left to the discretion of the court. See Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 6(a) provides:

A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

The petitioner has not shown good cause why he should be allowed to conduct discovery. Moreover, the documents requested by the petitioner have nothing to do with the grounds stated in his petition for a writ of habeas corpus. Accordingly, the petitioner's motion for production of documents will be denied.

With respect to the petitioner's motion to appoint counsel, there is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(a)(2), counsel shall be appointed if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Habeas Corpus Cases under Section 2254. The respondent has filed a motion to dismiss the petition for failure to state a federal constitutional claim. The motion is fully briefed. Based on its review, the court finds that the interests of justice do not require the appointment of counsel.

Counsel also may be appointed in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(e). Here, the petitioner has not demonstrated that he is entitled to appointment of counsel under that statute. First, the petitioner has not established indigency. He paid

the $5.00 filing fee for this action and, thus, he is not proceeding in forma pauperis. Moreover, Section 1915(e) requires a threshold inquiry into the indigent's efforts to secure counsel. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). This requires the indigent to disclose the names of attorneys, law firms, or legal services agencies he has contacted in an effort to secure representation and the dates of the contacts. The petitioner's motion for appointment of counsel does not include any such information. Additionally, based on the respondent's motion to dismiss the petition and the petitioner's submissions, it appears that the presence of counsel will not be outcome determinative. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's motion for appointment of counsel will be denied.

## **MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff can plead himself out of court if the factual allegations in the complaint, viewed in the light most favorable to the plaintiff, do not plausibly suggest that the plaintiff is entitled to relief. See E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). For example, if the factual allegations in the complaint establish that a lawsuit is indisputably time-barred, the court must grant the defendant's Rule 12(b)(6) motion to dismiss. See Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003).

## **ANALYSIS**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), which provides in pertinent part:

- 5 -

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]).

An application for a writ of habeas corpus may be granted only on the grounds that the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Lambert v. Davis, 449 F.3d 774, 778-79 (7th Cir. 2006). In other words, federal habeas corpus jurisdiction is limited to claims of violations of federal law. See Brewer v. Aiken, 935 F.2d 850, 854 (7th Cir. 1991).

With respect to his first claim, the petitioner asserts that the trial court erred in refusing to submit the lesser-included crimes of attempted robbery and robbery by use of force with regard to the armed robbery count and the lesser-included crime of second-degree recklessly endangering safety with regard to the counts of first-degree recklessly endangering safety. Although the court of appeals for this circuit had previously analyzed the issue of lesser included offenses by looking at whether the issue resulted in a fundamental miscarriage of justice, in Calloway v. Montgomery, the court concluded that "on this issue in a noncapital case, there is

- 6 -

no clearly established Supreme Court precedent." 512 F.3d 940, 944 (7th Cir. 2008). Accordingly, the adjudication of the petitioner's first claim could not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and therefore, it will be dismissed. See 28 U.S.C. § 2254(d).

The petitioner's second claim is described in the petition as "speedy trial violations regarding 60 days (court order); 70 days "speedy trial act"; 90 days (§ 971.10(2)(A)) speedy trial act (state)." None of the petitioner's speedy trial claims are based on his Sixth and Fourteenth Amendment rights to a speedy trial. His first claim is based on language in Franklin v. McCaughtry, 398 F.3d 955 (7th Cir. 2005). In that case the court of appeals for this circuit awarded the petitioner a new trial based on judicial bias. The court remanded the case to the state court "with instructions to grant [the petitioner's] petition for habeas corpus unless the state institutes proceedings to re-try him within 60 days." Id. at 962. Contrary to the petitioner's assertion, the court did not give him a due process right to be retried within 60 days. Moreover, the state did institute proceedings to re-try the petitioner within 60 days.

The petitioner also alleges a speedy trial violation based on the federal Speedy Trial Act found in 18 U.S.C. §§ 3161 et seq. This act applies to federal criminal charges and is not applicable to the petitioner who was convicted of state criminal offenses. Moreover, a claim based on an alleged violation of the federal Speedy Trial Act fails to state a federal constitutional claim.

Finally, the petitioner alleges a speedy trial violation based on a state statute, Wis. Stat. § 971.10(2)(a). However, a violation of the state statute is not cognizable under 28 U.S.C.

- 7 -

§ 2254. See Velazquez v. Sternes, 151 F. Supp. 2d 946, 949 (N.D. Ill. 2001). Accordingly, the petitioner's second claim fails to state a federal constitutional claim and will be dismissed.

The petitioner's third claim is premised solely on an alleged violation of Wis. Stat. § 971.11 by several state actors. This is an issue of state law, not federal law. An assertion by the petitioner that his conviction was secured through a violation of state law "does not make out a claim for habeas relief under 28 U.S.C. § 2254." George v. Smith, No. 07-3011, 2009 U.S. App. LEXIS 23606 , at *9 (7th Cir. Oct. 27, 2009). Accordingly, the petitioner's third claim will be dismissed.

In his fourth claim, the petitioner asserts that his second trial violated due process based on the theory that the State could not present evidence at his second trial which it had not used to convict him the first time. The petitioner cites no clearly established Supreme Court precedent holding that at a retrial following the grant of a petition for a writ of habeas corpus the State is restricted from presenting evidence that was not admitted at the petitioner's first trial. Moreover, the court knows of no such precedent. Accordingly, the petitioner's fourth claim fails to state a federal constitutional claim and will be dismissed.

Finally, the petitioner claims that his counsel rendered ineffective assistance in conjunction with the filing of the petitioner's petition for review with the Wisconsin Supreme Court. There is no federal constitutional right to the effective assistance of counsel on discretionary appeal to the Wisconsin Supreme Court. See Wainwright v. Torna, 455 U.S. 586, 587 (1982). Accordingly, any deficiencies in counsel's performance in the Wisconsin Supreme Court do not state a federal constitutional violation and, therefore, the petitioner's fifth claim will be dismissed.

- 8 -

Case 2:09-cv-00664-PJG    Filed 12/18/09    Page 8 of 10    Document 20

In sum, the respondent's motion to dismiss the petition for a writ of habeas corpus will be granted and the petition will be denied. Pursuant to the recently amended Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, and n. 4). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists would not find the court's decision to deny the petition on procedural or substantive grounds debatable or wrong. Thus, the court will deny a certificate of appealability as to all of the petitioner's claims.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that respondent Byran Bartow, superintendent Wisconsin Resource Center be and hereby is **substituted** in place of Gregory Grams.

**IT IS FURTHER ORDERED** that the petitioner's motion for an order requiring production of transcripts (Docket #8) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's motion for appointment of counsel (Docket #19) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the respondent's motion to dismiss the petition (Docket #17) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue as to any of the petitioner's claims.

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of December, 2009.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge