**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

HARRISON FRANKLIN,

    Petitioner,

    v.                                                          Case No. 09-CV-664

BYRAN BARTOW, Superintendent,
Wisconsin Resource Center,

    Respondent.

## **DECISION AND ORDER**

On July 7, 2009, petitioner Harrison Franklin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of first-degree recklessly endangering safety, armed robbery and bail jumping as a habitual offender. On July 14, 2005, he was sentenced to 50 years in prison and 16 years probation.

On December 18, 2009, this court issued a decision and order granting the respondent's motion to dismiss and denying the petition on the ground that the petition failed to state a federal constitutional claim. On December 20, 2009, the Clerk of Court entered judgment denying the petition and dismissing the action. On December 29, 2009, the petitioner filed a motion for reconsideration. (Docket #22). In addition to seeking reconsideration of the court's decision denying his petition for a writ of habeas corpus, the petitioner also seeks reconsideration of the court's decision denying a certificate of appealability as to all of the petitioner's claims.

The petitioner's motion for reconsideration was filed within ten business days of the entry of judgment. Therefore, the motion is properly construed as a motion to amend or alter

judgment pursuant to Fed. R. Civ. P. 59(e). The determination of whether to grant a motion pursuant to Rule 59(e) should be based upon "manifest error of law or mistake of fact and a judgment should not be set aside except for substantial reasons." See Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2nd Cir. 1995) (quoting 11 Charles A. Wright, et al, Federal Practice & Procedure, § 2804 at 53 [2d ed. 1995]); see also, Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1380 n.4 (7th Cir. 1990). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F.Supp. 1063, 1069 [N.D. Ill. 1997]).

The petitioner does not assert that a manifest error of law has occurred. Rather, the petitioner's motion and supporting submissions reveal that he primarily has reargued the same issues presented and addressed in this court's decision. Thus, upon due consideration, this court concludes that the petitioner has not given the court reason to question its legal analysis. Additionally, the court concludes that the petitioner has failed to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, and n. 4 (1983). Accordingly, the petitioner's motion for reconsideration will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for reconsideration be and hereby is **denied**. (Docket # 22).

-2-

Case 2:09-cv-00664-PJG   Filed 01/20/10   Page 2 of 3   Document 23

Dated at Milwaukee, Wisconsin this 20th day of January, 2010.

> BY THE COURT:
>
> s/ Patricia J. Gorence
> PATRICIA J. GORENCE
> United States Magistrate Judge